**GAVIN ROZZI**
PO Box 1232
Forked River, NJ 08731
(609)-222-4161
gr@gavinrozzi.com

Plaintiff, *Pro Se*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GAVIN ROZZI | : | <u>Civil Action</u> |
| | : | |
| Plaintiff, | : | |
| | : | No.: 3:23-cv-03363-RK-DEA |
| v. | : | |
| | : | |
| ROBERT SELFORS, a/k/a "BOB HANSEN," | : | **FIRST AMENDED COMPLAINT** |
| individually and in his capacity as President of | : | **AND** |
| Happy Panda, Inc., CANA WITTENBERG | : | **DEMAND FOR JURY TRIAL** |
| SELFORS, individually and in her capacity as | : | |
| President of Simple Websites, Inc. and Vice | : | |
| President of Happy Panda, Inc., HAPPY | : | |
| PANDA, INC., a North Carolina Corporation, | : | |
| SIMPLE WEBSITES, INC., a North Carolina | : | |
| Corporation, BRIER CREEK FELLOWSHIP, | : | |
| INC. a North Carolina Nonprofit Corporation, | : | |
| JOHN DOES 1-100, ABC ENTITIES 1-100 | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

## <u>PRELIMINARY STATEMENT</u>

The phone calls all start out the same, and on the surface, they seem innocuous enough, given

the upbeat tone of the pre-recorded message: "Hi, my name is Bob Hansen. I'm a website builder

here in [TOWN NAME] and I make websites for small businesses anywhere in [REGION

NAME] on very small budgets." Variations of this call have been inundating telephone users

1

throughout the United States, all appearing to be sent from local telephone numbers and cities. But behind this friendly voice is a relentless campaign of fraud, deception and violations of federal and state law. Hundreds, perhaps even thousands of residents of various areas of New Jersey have been inundated with these phone calls and voicemails sent from spoofed caller IDs, and different versions of the voicemails feature "Bob Hansen" claiming to be a local New Jersey website builder based in different towns located within New Jersey.

 In reality, there is no such "Bob Hansen the website builder" from Middletown, New Jersey. The name is a false identity that serves as the alter ego of Robert Selfors, an out-of-state scam artist with a documented history of defrauding his customers while offering various services as a part of his schemes. This false identity has been used by Defendants to lure unsuspecting New Jersey residents into purchasing substandard website design services from an out-of-state fraudster. Customers of Selfors have reported that like his home improvement business that took money from unsuspecting consumers and performed shoddy work, the website work is either never fully performed or done in a substandard manner. With Robert Selfors' spoofed calls as "Bob Hansen," the line between annoyance and illegality has been flagrantly crossed. His deceptive tactics not only disrupt the lives of innocent consumers but also demonstrate a willful disregard for the law as set forth by the Telephone Consumer Protection Act and New Jersey Consumer Fraud Act.

This case exposes a brazen and relentless scheme to defraud unsuspecting consumers in New Jersey and across the country by a serial fraudster from North Carolina. Defendant Robert Selfors ("Selfors"), hiding behind the false identity of "Bob Hansen," orchestrated a relentless campaign of harassing, unsolicited robocalls using spoofed caller ID information to promote his

fraudulent web development scams to New Jersey residents and those of other states. Even today, the deluge of calls to New Jersey residents continues and follows the same pattern.

Selfors has a well-documented history of engaging in fraudulent schemes in North Carolina[1][2][3], and using his companies and nonprofit religious organizations to further his deceitful practices and fraud schemes. This action seeks to hold Selfors, his spouse Cana Wittenberg Selfors, and their companies. accountable for their illegal and unethical conduct, including their flagrant violations of the Telephone Consumer Protection Act (TCPA) and the New Jersey Consumer Fraud Act (CFA) in their targeting of New Jersey residents with their fraud schemes based on robocalls with spoofed caller IDs.

Plaintiff Gavin Rozzi brings this action to put a stop to Defendants' unlawful robocall harassment campaign and to recover damages for multiple discrete violations of the TCPA, including violating the National Do Not Call List, the use of an Automatic Telephone Dialing System (ATDS), failure to adopt a written Do Not Call policy, all of which are knowing and willful violations given Defendant Robert Selfors' public statements and representations to those

---

[1] See: AG wants to ban kitchen remodeler from NC, WRAL (July 14, 2014), https://www.wral.com/ag-wants-to-ban-kitchen-remodeler-from-nc/13810315/.
"According to a lawsuit filed by the North Carolina Attorney General's Office, American Kitchen Corp. and its owners, **Robert Selfors** and Tyler Justin Sheets, took upfront payments from customers for kitchen remodeling jobs and then did not complete the work. The lawsuit seeks to ban the company and its owners from offering home repair or home improvement services in North Carolina and to force them to pay refunds to customers who paid for work that was never completed. The lawsuit also alleges that the business model was not sustainable and was "**not unlike a Ponzi scheme.**"

[2] See: https://www.complaintsboard.com/kitchen-carolina-b123662

[3] See: "DealerStaff/Dealer Staff (DSI)," Ripoff Report https://www.ripoffreport.com/reports/dealerstaff-dealer-staff-dsi/graham-nc-nc-sc-atlanta-ga-north-carolina-27253/dealerstaffdealerstaff-dealer-staff-dsi-phoney-employment-agency-charges-for-worthless-t-232769#comment_3.
An anonymous former employee of DealerStaff, Inc., a now-dissolved company owned by Robert and Cana Wittenberg Selfors, posted a comment on Ripoff Report alleging that the company engaged in deceptive practices. **The employee reported that the company required its employees to use scripts to deceive potential job candidates about the nature of the interview process, and that trainees were not allowed to speak to each other or face termination**. The post raises serious questions about the Selfors' conduct and the legality of their business practices given the pattern of fraudulent conduct that has been documented across each and every one of their business endeavors.

he has offered to perform illegal robocall services. Plaintiff also seeks treble damages under the CFA for Defendants' unconscionable commercial practices, including fraudulently misrepresenting themselves as a local New Jersey business and targeting New Jersey residents with spoofed Caller ID numbers in violation of federal law.

## THE PARTIES

1. Plaintiff Gavin Rozzi is an individual and resident of Forked River, New Jersey. Plaintiff's personal cell phone has been one of many inundated with harassing robocalls from spoofed caller IDs as a result of the actions of Defendants to target New Jersey residents.

2. Defendant Robert Selfors is an individual and resident of Durham, North Carolina. Selfors is the President and Registered Agent of Happy Panda Inc. and has also used the alias "Bob Hansen" in furtherance of his fraudulent activities forming the subject of this complaint.

3. Defendant Cana Wittenberg Selfors is an individual and resident of Durham, North Carolina. She is the wife of Defendant Robert Selfors (collectively "the Selfors Defendants.") She is listed as the Vice President of Happy Panda Inc., the President of Simple Websites, Inc. and is also listed as the Registered Agent for Simple Websites, Inc., as well as being associated with Brier Creek Fellowship.

4. Defendant Happy Panda, Inc. ("Happy Panda") is a North Carolina corporation with its registered office located at 8311 Brier Creek Pkwy Suite 105192 Raleigh, NC, 27617 in Wake County, which is in fact a UPS store box and not a bona fide corporate office where she can be personally served. The Certificate of Formation listed the address of Selfors and Wittenberg Selfors as 710 Obsidian Way Durham, NC 27703, which is also

reflected on their latest annual report, which appears to contradict their current residence address.

5. Happy Panda is an essential component of the Selfors' fraudulent enterprise, as it serves as the financial hub of his various activities done under his personal name and through the other legal entities. Happy Panda Inc. is used as the financial nexus of the Selfors' illegal robocall operation. Upon information and belief, employees working for Selfors and vendors used to facilitate the illicit robocalls have been paid through Happy Panda and Happy Panda receives payments on behalf of the Selfors defendants in furtherance of their activities.

6. Defendant Simple Websites, Inc. ("Simple Websites") is a North Carolina corporation with its registered office listed at 6409 Fayetteville Rd, Ste 120123 Durham, NC 27713, which is also a UPS Store mailbox. Simple Websites is one of the various fronts & alter egos that the Selfors Defendants have used in connection with their services.

7. Defendant Brier Creek Fellowship ("Brier Creek") is a North Carolina nonprofit corporation with its registered office located at 710 Obsidian Way, Durham, NC, 27703 which upon information and belief, is the current residential address of the Selfors defendants. Also listed as an office address of Brier Creek is a previous residential address of the Selfors, 5 Laurel Leaf Ct., Durham NC. Defendant Robert Selfors is listed as the registered agent of this entity.

8. Defendants, John Does 1-100 (fictitious defendants) are those as of yet unidentified individuals who may have acted in concert with, and at the direction of, or as part of a conspiracy orchestrated by the Defendants to knowingly, intentionally, and/or recklessly violate the Telephone Consumer Protection Act with Selfors acting on behalf of them

through his offering of paid robocall marketing services that the John Does purchased for the purpose of obtaining website development marketing leads through unsolicited telephone calls. These fictitious defendants also represent those individuals and businesses that Defendant Robert Selfors has acted as an agent for by way of providing illegal robocall services on their behalf.

9. Defendants, ABC Entities 1-100 (fictitious defendants) are those as of yet unidentified legal entities who may have acted in concert with, and at the direction of, or as part of a conspiracy orchestrated by the Defendants to knowingly, intentionally, and/or recklessly violate the Telephone Consumer Protection Act with Selfors acting on behalf of them through his offering of paid robocall marketing services that the ABC Entities purchased for the purpose of obtaining website development marketing leads through unsolicited telephone calls. These fictitious defendants also represent those individuals and businesses that Defendant Robert Selfors has acted as an agent for by way of providing illegal robocall services on their behalf.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the case arises under the laws of the United States. Specifically, Plaintiff's primary claims for relief are predicated upon the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.*, a federal statutory law. Therefore, this action presents a federal question within this Court's jurisdiction.

11. Supplemental jurisdiction over Plaintiff's state law claims is appropriate under 28 U.S.C. § 1367, as the state law claims are so related to the TCPA claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

12. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this district. The Plaintiff is a resident of this district, and the Defendant has represented themselves as a resident and business owner within this district. The Defendant intentionally contacts residents of this district to conduct business and represents himself as a resident of the same, thereby establishing substantial ties to the district. Therefore, this district is the appropriate venue for the actions alleged in this complaint. The offending phone calls were also received by Plaintiff within this district.

## FACTUAL AVERMENTS

**Defendants' Campaign of Illegal Robocall Solicitations Targeting New Jersey Cell Phone Consumers**

13. Plaintiff maintains a personal cellular telephone number ending in 0840, which he has used since 2013 as his primary means of communication.

14. Plaintiff has continuously had this telephone number registered with the national Do Not Call Registry since he began using it nearly a decade ago.

15. Plaintiff first registered this cell phone number with the Do Not Call Registry on November 13th, 2013 and has continually maintained this registration since then.

16. Plaintiff never provided his consent to be contacted by any of the Defendants in connection with their marketing of website development services, either by Happy Panda Inc., Simple Websites, Inc. Brier Creek Fellowship, Inc. or any of the third parties for whom Defendants acted on behalf of.

17. While operating in New Jersey, Defendant Happy Panda, Inc. failed to adopt a written Do Not Call Policy as required by the TCPA and other relevant federal laws.

18. While operating in New Jersey, Defendant Brier Creek Fellowship, Inc. failed to adopt a written Do Not Call Policy as required by the TCPA and other relevant federal laws.

19. While operating in New Jersey, Defendant Simple Websites, Inc. failed to adopt a written Do Not Call Policy as required by the TCPA and other relevant federal laws.

20. While operating in New Jersey, Defendant Happy Panda, Inc. used an automated telephone dialing system (ATDS) in violation of the TCPA. The ATDS used by Defendants randomly and / or sequentially dialed telephone numbers of New Jersey residents, including the Plaintiff.

21. While operating in New Jersey, Defendant Simple Websites, Inc. used an automated telephone dialing system (ATDS) in violation of the TCPA. The ATDS used by Defendants randomly and / or sequentially dialed telephone numbers of New Jersey residents, including the Plaintiff.

22. While operating in New Jersey, Defendants Robert Selfors and Cana Wittenberg Selfors used an automated telephone dialing system (ATDS) in violation of the TCPA. The ATDS used by Defendants randomly and / or sequentially dialed telephone numbers of New Jersey residents, including the Plaintiff.

23. While operating in New Jersey, Defendants Robert Selfors and Cana Wittenberg Selfors placed calls with a prerecorded message in violation of the TCPA. The ATDS used by Defendants randomly and / or sequentially dialed telephone numbers of New Jersey residents, including the Plaintiff.

24. Beginning on or about 2019, Plaintiff began to regularly receive robocalls and voicemails from Defendants purportedly from "Bob Hansen" a local New Jersey website developer.

25. The messages on each telephone call were generic, repetitive, and impersonal in nature and did not contain any identifying information about Plaintiff, further substantiating the use of an ATDS by Defendants.

26. Plaintiff called back after receiving one of the offending calls on or about 2019 to ask to be removed from Defendants' list because he did not want to receive the calls. Plaintiff spoke with somebody who assured him that he would be removed from Defendants' lists at the time. Despite Defendants' assurances that Plaintiff's phone number would be removed from their list, Plaintiff was never removed from their list and the deluge of harassing, automated calls continued to occur.

27. Because each phone call was made from a different falsified caller ID, putting a stop to the calls is an insurmountable task and an undue burden because it is impossible to call back any of the phone numbers as dialed by the Defendants, as each successive call is originated from a different number, necessitating this Court's intervention and showing the harassing nature of the calls made by Defendants made without the consent of Plaintiff.

28. On at least ten separate occasions (though likely even more can be uncovered after proper discovery), Defendants placed unsolicited telemarketing calls to Plaintiff's personal cellular telephone number ending in 0840 using an automatic telephone dialing system. Plaintiff's personal cell phone number is only identified by the last 4 digits in this complaint because it is covered by "Daniel's Law" as Plaintiff is an "authorized person" with an approved redaction request from the Office of Information Privacy within the Department of Community Affairs as defined by <u>N.J.S.A.</u> 47:1B-1 *et seq.* (P.L. 2021, c.

371). Plaintiff will provide the full unpublished telephone number directly to this Court if needed.

29. Each call received from Defendants contained the same pre-recorded message, falsely claiming to be from a local New Jersey web developer named "Bob Hansen." The dates, Caller ID numbers, and phone numbers given in the voicemail messages are presented below as "Table 1," and each and every entry in the table documenting an offending telephone call represents multiple discrete violations of relevant laws that entitle the Plaintiff to statutory damages and other relief.

30. **Table 1: Robocalls Made By Defendants in Violation of the TCPA**

| Date | Spoofed Caller ID | Callback Number Given |
|------|-------------------|------------------------|
| 5/11/2023 | (732)-820-0707 | (732)-582-4569 |
| 4/12/2023 | (732)-893-2650 | (732)-582-4569 |
| 3/8/2023 | (732)-410-2468 | (732)-582-4569 |
| 2/3/2023 | (732)-426-9537 | (732)-582-4569 |
| 11/15/2022 | (732)-686-0281 | (732)-582-4569 |
| 10/13/2022 | (732)-440-6737 | (732)-582-4569 |
| 9/9/2022 | (848)-289-2624 | (732)-646-8946 |
| 8/8/2022 | (848)-276-4801 | (732)-646-8946 |
| 2/28/2022 | (732)-454-4429 | (732)-582-4569 |
| 6/15/2021 | (732)-359-5022 | (732)-743-7598 |

31. The prerecorded messages sent by "Bob Hansen," were all similar, and contained minimal variations of the following message, including the most recent one left on May 11th, 2023 which stated:

"Hi, my name is Bob Hansen. I'm a website builder here in Middletown and I make websites for small businesses anywhere in Central Jersey on very small budgets. What I'd love to do if you'd let me is to show you a couple of website ideas I had for your business. I build simple, affordable websites that rank extremely well on Google, and my modern, mobile-friendly site design will give your business a great online presence. So please call me, Bob Hansen at (732)-582-4569. Again, (732)-582-4569. Thanks so much mmmm buh bye."

32. Other voicemails contained similar language and made reference to "Bob Hansen" having a partner named "Chelsea" who works with him to build websites as part of their purported Middletown, New Jersey-based operation.

33. Upon information and belief, the true identity behind the persona of "Chelsea" is Cana Wittenberg Selfors, confirming that Wittenberg Selfors personally participated in the fraudulent misrepresentations and other conduct alleged herein.

34. Open-source information, including websites documenting robocalls and scams, as well as online postings from former employees, already presents overwhelming evidence that "Bob Hansen" and Defendant Robert Selfors are actually the same person.[456]

35. To confirm that the "Bob Hansen" who is behind the illegal robocalls and Robert Selfors are the same person, based on Plaintiff's background as a data scientist, Plaintiff wrote a computer program to analyze the voice of "Bob Hansen" against a known sample of Defendant Robert Selfors' voice to provide testable, reproducible evidence that Selfors and Hansen are indeed the same person (Certification of Gavin Rozzi, ¶ 1-3).

36. Plaintiff's analysis created "embeddings" which are a mathematical representation of the two voice samples using deep learning technology through the use of the Resemblyzer package for the Python programming language (Certification of Gavin Rozzi, ¶ 4).

---

[4] See: https://800notes.com/Phone.aspx/1-773-862-8013
[5] See: https://www.sitejabber.com/reviews/simplesitecompany.com
[6] See: https://www.scamadviser.com/check-website/simplesitecompany.com

37. Based on this comparison, using the recorded voicemail of "Bob Hansen" and a known
recording of Defendant Robert Selfors, Plaintiff calculated that there was an 86% match
between the voice of "Bob Hansen" and Defendant Robert Selfors (Certification of Gavin
Rozzi, ¶ 14).

38. While Plaintiff's audio proofs can stand on their own, Defendant Robert Selfors actually
admitted to being "Bob Hansen" by appearing under that name in one of his marketing
videos prepared for a dental services company and used in his portfolio.[7] The video
featured Selfors on a YouTube channel known to be under his control called "Website
Design Appointments" produced for a dental referral website and captioned him as "Bob
Hansen, Senior Marketing Strategist." A true and correct screenshot from the YouTube
video cited in the corresponding footnote is reproduced below:



---

[7] See: https://www.youtube.com/watch?v=egSjRbGoSZc

39. The individual appearing in the video as "Bob Hansen" is the same person who appears

in multiple videos[8][9][10] promoting Brier Creek Fellowship posted to Defendant Robert

Selfors' personal YouTube channel that bears his name in which he identifies himself. A

true and correct screenshot from this video is reproduced below:



40. Taken together, the identical backgrounds and production techniques of the videos, as

well as the common actors who repeatedly appear in website marketing videos and for

hire on Defendant Robert Selfors' Fiverr page, the overlap of resources suggests that

Defendants have commingled assets and resources of Happy Panda Inc., Brier Creek

Fellowship Inc., and Simple Websites Inc., as well as the personal assets of the Selfors

Defendants in support of their illegal schemes, which further suggests a close

coordination between their various for-profit and non-profit legal entities. In sum, this

commingling of assets makes all of Selfors' legal entities, as well as the Selfors

---

[8] See: https://www.youtube.com/watch?v=2YTRIj_yqJM
[9] See: https://www.youtube.com/watch?v=Ow9FhMEpRzg
[10] See: https://www.youtube.com/watch?v=gL0wfpVg9qI

themselves, jointly, severally and individually liable for the conduct complained of within this complaint.

41. Upon information and belief, Defendant Robert Selfors has adopted the friendly, folksy, and falsified persona of "Bob Hansen" to cover up his documented history of fraudulent enterprises and ethical misconduct, specifically those in North Carolina related to home repair, car dealership staffing, website design and other areas. By falsely holding himself out as a local small business owner from New Jersey, Defendant Selfors has acted to induce Plaintiff and other would-be victims into purchasing substandard website design services.

42. Thus, given the overwhelming evidence that "Bob Hansen" is merely an alter ego, there can be no doubt that Defendant Robert Selfors and "Bob Hansen" are in reality the same person.

**Defendant Robert Selfors Sells His Illegal Robocall Services to the John Doe Defendants Via the Fiverr Marketplace**

43. On or about June, 2014 Defendant Robert Selfors, in his individual capacity, brazenly and openly began advertising his illegal robocall services to website developers on the website Fiverr, a popular online marketplace for freelance services. Even today, the Fiverr profile which bears his true name is still active and advertising the services for sale.[11,12,13] In a video posted on his Fiverr profile, Selfors boasted about being "the world's best at making appointments with business owners to talk with them about web design," and offered his services in three different packages:

---

[11] See: https://www.fiverr.com/selfors/set-1-appointment-from-cold-calls-guaranteed
[12] See: https://www.fiverr.com/selfors/be-your-mystery-shopper
[13] See: https://www.fiverr.com/selfors/do-telemarketing-to-up-to-50-prospects-for-1-appointment-guaranteed

(i) Basic Package: $125 for 1 web design appointment;

(ii) Standard Package: $425 for 6 web design appointments; and

(iii) Premium Package: $625 for 10 web design appointments.

44. Selfors' advertisement explicitly targets clients seeking web design business via unsolicited telemarketing calls placed to people who have never consented to being contacted by him, thereby demonstrating his knowledge that the recipients of the robocalls are not expecting, nor have they consented to, the unsolicited calls. In the video, Selfors is accompanied by another individual, identified as "Chelsea," and together they unabashedly promote their robocall services, stating, "We'll call business owners in your local area, set up appointments for you to go talk with them about web design. And then we'll send you recordings of all the calls."

45. Defendant Robert Selfors further guarantees his ability to set up appointments and brazenly claims that, if he fails to do so, he will cancel the order, incurring no cost to the client. This guarantee reflects Selfors' confidence in the success of his illegal robocall scheme, further emphasizing the knowing and willful nature of his TCPA violations through his extensive robocalling operation.

46. The video and accompanying service packages posted on Fiverr serve as a clear and direct invitation for clients to engage in a collaborative effort to violate the TCPA by making unsolicited cold calls with falsified caller IDs. By advertising and promoting these services with complete disregard for the law, Defendants are knowingly and willfully facilitating the placement of illegal robocalls to unsuspecting consumers not only on their own behalf, but on behalf of the third parties who are paying them to act on

their behalf, causing significant harm, annoyance, inconvenience and distress to those targeted, including Plaintiff.

47. Selfors' flagrant advertisement of his robocall services on Fiverr, including the pricing structure for each package, is an unmistakable demonstration of his knowing and willful engagement in a campaign of unsolicited and unwanted telephone communication using *inter alia*, an ATDS and prerecorded message, in blatant violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. By advertising and promoting these services with complete disregard for the law, Selfors and Chelsea are knowingly and willfully facilitating the placement of illegal robocalls to thousands of unsuspecting consumers, causing significant harm and distress to those targeted.

48. Defendant Selfors stated (emphasis added) "**No one on Fiverr sets more actual, face-to-face appointments - or phone consultations - than I do. In fact, no one even comes close**,"[14] Selfors brags about the scale of his automated dialing operation, claiming to have made thousands of calls as part of this service, and further demonstrating the knowing and willful nature of his violations of relevant state & federal laws.

**The Selfors' Fraudulent Enterprise: Out of Tune With the TCPA & CFA's Protections**

49. Defendants have attempted to cloak their litany of illegal, unethical and fraudulent schemes behind a web of distinct legal entities incorporated in the state of North Carolina. In reality, all of their legal entities are actually sham entities and merely alter egos of their personally directed fraud schemes run out of the Selfors' North Carolina home. The repeated use of the Selfors' home addresses and a UPS store mailbox as their Registered Agent / Registered Office only further illustrate this point. These entities exist

---

[14] See: Set you up with web design appointments by cold calling by Selfors | Fiverr-
https://www.fiverr.com/selfors/be-your-mystery-shopper

to help the Selfors carry out their various fraudulent activities and ultimately all serve the same true purpose.

50. A visual representation of the relationships between the individual Selfors Defendants and their current legal entities is presented below:



51. Upon information and belief, and confirmed by publicly available postings by former employees, Defendants Robert Selfors and Cana Wittenberg Selfors use Happy Panda, Inc. to pay employees who answer the phones on behalf of "Bob Hansen" when individuals call back after receiving one of the robocalls seeking to follow up on the promises made by "Hansen" in the recorded messages. Happy Panda, Inc. is used to pay for resources in support of the fraud schemes. Anonymous former employees of Selfors' have reported on internet discussion forums, including Reddit, that the pay stubs for their paychecks were drawn from the bank accounts of Happy Panda, Inc., demonstrating that Happy Panda formed a material part of the illegal robocalls placed by Defendants in violation of the TCPA.

52. Upon information and belief, Defendants Robert Selfors and Cana Wittenberg Selfors use Brier Creek Fellowship, Inc. to recruit victims, employees and co-conspirators in support of their various fraud schemes.

53. Upon information and belief, Defendants have converted, commingled and/or otherwise used the funds raised from their various GoFundMe crowdfunding campaigns done in their capacity as the leaders of Brier Creek Fellowship to support of their fraudulent robocall campaigns targeting New Jersey residents, contrary to their stated purpose of running a "church."

54. Upon information and belief, Defendant Robert Selfors was forced to change the name of his fraudulent church from Kirk RDU to Brier Creek Fellowship after several local North Carolina residents discovered various improprieties and fraudulent activities in connection with his management of the church, leading him to rebrand it as "Brier Creek Fellowship."

55. Upon information and belief, Defendants have commingled assets between Happy Panda Inc., Brier Creek Fellowship, Inc. and Simple Websites, Inc. in furtherance of their fraudulent and illegal activities, to include web. These legal entities are all jointly and severally, and individually liable for the conduct forming the basis of this Complaint.

56. Even the actors who appear on the introductory videos on Brier Creek Fellowship's website[15] are the exact same individuals with the same background who appear on the website of Simple Websites, Inc.[16] and other videos made by Selfors promoting his fraud schemes suggesting a close coordination and the commingling of assets and resources

---

[15] See: https://briercreekfellowship.com
[16] See: https://www.simplesitecompany.com/

between Brier Creek Fellowship, Happy Panda, Simple Websites and the personal assets

of both of the Selfors defendants in support of their illegal activities.

57. Plaintiff believes that based on this strong evidence and Defendant Robert Selfors'

history of fraudulent legal entities, that Brier Creek Fellowship is merely an alter ego of

Selfors used in support of his fraudulent enterprises and the interests of justice require

joining them to this action as a Defendant.

### COUNT I
**Gavin Rozzi vs. Robert Selfors, Cana Wittenberg Selfors, Happy Panda Inc.,
Simple Websites Inc. & Brier Creek Fellowship, Inc.**

### KNOWING AND WILLFUL VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT
### (47 U.S.C. § 227 *et seq.*)

58. Plaintiff incorporates by reference, repeats and realleges each and every prior paragraph

of this Complaint as if fully set forth herein.

59. The violations in this Count are applicable to each and every telephone call described

within "Table 1" in ¶ 30 which lists the calls received by Plaintiff from Defendants.

60. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq., makes it

unlawful to use an automatic telephone dialing system ("ATDS") to make any call to a

cellular telephone number without the prior express consent of the called party.

61. Defendants placed the calls described in Table 1 to Plaintiff's personal cell phone without

his consent and had no bona fide business relationship justifying their unsolicited calls to

Plaintiff.

62. Defendants, individually and in their capacities as officers of Happy Panda Inc., Simple

Websites, Inc. and Brier Creek Fellowship, Inc. placed at least ten unsolicited

telemarketing calls to Plaintiff's cellular telephone number using an ATDS in violation of 47 <u>U.S.C.</u> § 227(b)(1)(A) and 47 <u>U.S.C.</u> § 227(b)(1)(D) during the dates identified in Table 1 for the purpose of soliciting the purchase of website design services from Defendants by Plaintiff.

63. Defendants' phone calls made use of a prerecorded message in violation of 47 <u>U.S.C.</u> § 227(b)(1)(D).

64. Defendants' phone calls were sent with spoofed caller ID records to obscure their origin in violation of 47 <u>U.S.C.</u> § 227(e).

65. Defendants' phone calls were placed to Plaintiff's telephone number which is registered with the National Do Not Call Registry in deliberate disregard for the prohibition on calling numbers in that registry in violation of 47 <u>U.S.C.</u> § 227(b)(1)(A).

66. Some of the calls made by Defendants were made on days other than a business day.

67. The unsolicited calls did not contain a notice and / or opt-out procedure as required by 47 <u>CFR</u> 64.1200(a)(4)(iii).

68. Upon information and belief, Defendants shared Plaintiff's personal cell phone number with the John Doe defendants in violation of 47 <u>U.S.C.</u> § 227(b)(1)(E).

69. Each and every one of Defendants' unsolicited telemarketing calls violated multiple discrete provisions of the TCPA, including the use of an ATDS, contacting Plaintiff without prior express consent, use of a prerecorded message, failure to adopt a written Do Not Call policy.

70. Plaintiff has suffered damages as a result of Defendants' actions, including invasion of privacy, intrusion into his solitude and seclusion, annoyance, inconvenience and distress, and usage incurred on his cell phone account.

71. Due to the egregious nature of Defendants' conduct, their actions constitute knowing and willful violations of the TCPA, warranting treble damages for each and every discrete violation of the law in this count.

72. Plaintiff is entitled to statutory damages in the amount of $1500 for each one of these discrete TCPA violations arising out of the calls placed to Plaintiff's personal cell phone due to the knowing and willful nature, as well as any other appropriate relief this Court deems equitable and just.

### COUNT II
**Gavin Rozzi vs. Robert Selfors, Cana Wittenberg Selfors, Happy Panda Inc., Simple Websites Inc. & Brier Creek Fellowship, Inc.**

### VIOLATIONS OF NEW JERSEY CONSUMER FRAUD ACT
### (N.J.S.A. 56:8-1, et seq.)

73. Plaintiff incorporates by reference, repeats and realleges each and every prior paragraph of this Complaint as if fully set forth herein.

74. The New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 et seq., prohibits unconscionable commercial practices, deception, fraud, false pretense, false promise, and misrepresentation in the sale or advertisement of goods and services.

75. N.J.S.A. 56:8-128(d) provides "A telemarketer shall not intentionally use any method that blocks a caller identification service from displaying caller identification information or otherwise circumvents a customer's use of a telephone caller identification service, including, but not limited to, the use of any technology or method which displays a telephone number or name not associated with the telemarketer or intentionally designed to misrepresent the telemarketer's identity."

76. While operating in New Jersey, Defendants intentionally falsified the caller IDs of their outbound calls made as part of their activities targeting New Jersey residents in violation

of N.J.S.A. 56:8-128(d). The spoofing of caller ID is also illegal under the "Truth in Caller ID Act of 2009," which specifically amended the Federal Communication Act of 1934 to make Caller ID spoofing illegal.

77. Furthermore, as outlined in Count I of this Complaint, Defendants violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 in the course of their activities.

78. Defendants' aforementioned intentional acts and fraudulent misrepresentations targeting New Jersey residents constitute an unlawful practice pursuant to the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-164-166.

79. While operating in New Jersey, Defendants engaged in unconscionable commercial practices, deception, fraud, false pretense, false promise, and misrepresentation in the course of their telemarketing and substandard website development services.

80. Each and every robocall made by Defendants constituted multiple, discrete fraudulent misrepresentations, including those personally made by Robert Selfors as "Bob Hansen." The true name of the caller was a lie, the identity of who was actually performing the work was a lie, and the nature of the work performed and quality of the websites delivered by Defendants were often less than advertised.

81. Defendants falsely misrepresented themselves as "Bob Hansen," a local website builder located in Middletown, New Jersey, when in fact they are in fact residents of North Carolina operating under the corporate veil of the various legal entities used in support of their fraud schemes.

82. Defendants, both individually and through Happy Panda Inc., Simple Websites, Inc., and Brier Creek Fellowship, Inc. knowingly and intentionally engaged in a pattern of

fraudulent misrepresentations targeting New Jersey residents and business owners related to website design services, including Plaintiff.

83. The fraudulent misrepresentations by Defendants Robert Selfors and Cana Wittenberg Selfors were knowing, purposeful, intentional and were made for the purpose of inducing Plaintiff and other New Jersey residents and business owners to engage their services and to pay for substandard and/or nonexistent services.

84. By Defendant Robert Selfors' own admission on his Fiverr page, he admits to providing telemarketing services to other web developers not actually based in New Jersey, contrary to his representations on the calls.

85. In his calls placed on behalf of third-parties seeking to obtain potential sales leads for website development, Defendant Robert Selfors knowingly and fraudulently misrepresented that he was personally performing all work on all of the websites purchased by customers, and that he was based out of various towns in New Jersey, with the caller ID of his phone calls falsified to appear from a local telephone exchange.

86. As a direct and proximate result of Defendants' fraudulent misrepresentations and violations of the CFA, Plaintiff has suffered an ascertainable loss and is entitled to treble damages, attorney's fees, and costs, as well as injunctive relief.

87. Due to the knowing, intentional, and fraudulent nature of the misrepresentations and personal participation by Defendants Robert Selfors and Cana Wittenberg Selfors, they are personally liable for the damages caused by their actions, in addition to any corporate liability that may be imposed upon Happy Panda Inc., Simple Websites Inc. and Brier Creek Fellowship Inc. for their role in perpetuating the illegal robocall scheme and / or providing material support to the same.

23

88. Plaintiff has no adequate remedy at law to make the harassing robocalls sent by Defendants cease.

89. Plaintiff also seeks injunctive relief pursuant to the CFA to prevent these illegal calls from continuing.

**COUNT III**
**Gavin Rozzi vs. John Does 1-100, ABC Entities 1-100 (fictitious defendants)**

**KNOWING AND WILLFUL VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT**
**(47 U.S.C. § 227)**

90. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

91. The John Doe and ABC Entities fictitious Defendants are the individuals or entities that, with full knowledge and understanding of the illegal nature of the services offered, hired Selfors to place unsolicited robocalls on their behalf, as advertised in the Fiverr videos and solicitations, including the pricing structure for the Basic, Standard, and Premium packages to generate leads for selling website design services. By knowingly hiring Selfors to place such calls using spoofed caller IDs and the voice of "Bob Hansen," the John Doe Defendants have not only caused, but willfully and intentionally conspired to cause, the placement of unsolicited telephone calls with spoofed caller ID to Plaintiff on their behalf, in flagrant violation of the TCPA, 47 U.S.C. § 227 *et seq*.

92. The violations were knowing and willful because the calls were placed with full knowledge that they were unsolicited "cold calls." Selfors has specifically advertised that

24

his clients received the recordings of all calls placed on their behalf, so these Defendants were fully on notice as to the dubious nature of the calls and unsolicited contact.

93. As a proximate and direct result of the John Doe Defendants' egregious actions, Plaintiff has suffered actual harm, including the aggravation, nuisance, and invasion of privacy that arises from the receipt of unsolicited and illegal robocalls. Moreover, the John Doe Defendants' actions have caused Plaintiff to suffer statutory damages, as provided for under the TCPA.

94. The John Doe and ABC Entities fictitious defendants are vicariously liable for the calls placed on their behalf by Defendants.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in their favor and against Defendants for:

A. Statutory damages pursuant to the Telephone Consumer Protection Act (TCPA), including knowing and willful damages due to the knowing and willful nature of the violations;

B. Actual damages;

C. Costs of suit;

D. Injunctive relief pursuant to the New Jersey Consumer Fraud Act enjoining Defendants from contacting New Jersey telephone consumers in violation of the TCPA;

E. Prejudgment and postjudgment interest on the above amounts; and

F. Such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## FED. R. CIV. P. 11 CERTIFICATION

I certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated. Furthermore, there are no other known necessary parties, other than any presently unknown defendants, designated herein as fictitious defendants, John Does 1-100 and ABC Entities 1-100.

## FED. R. CIV. P. 5.2(A) CERTIFICATION

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Fed. R. Civ. P. 5.2(a).

## DEMAND FOR INSURANCE INFORMATION

**PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv), Plaintiff hereby demands production of a copy of any and all insurance agreements under which Defendant(s) may be covered to satisfy part of all of any judgment which may be entered in this matter and/or to defend, indemnify, or reimburse Defendants.

## DEMAND TO PRESERVE EVIDENCE

**PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 37(e) all Defendants are hereby directed to preserve any and all physical and electronic information pertaining in any way

to Plaintiffs causes of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, phone call recordings, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spreadsheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Fiverr, YouTube, Twitter, TikTok, SoundCloud etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

Respectfully submitted,


GAVIN ROZZI
Plaintiff, *Pro Se*


Dated: _____July 6th, 2023_____

27

# Exhibit A
to
Gavin Rozzi's Complaint

**GAVIN ROZZI**
PO Box 1232
Forked River, NJ 08731
(609)-222-4161
gr@gavinrozzi.com

Plaintiff, *Pro Se*

---

|  |  |  |
|---|---|---|
| GAVIN ROZZI | : | <u>Civil Action</u> |
|  | : |  |
| Plaintiff, | : |  |
|  | : | No.: 3:23-cv-03363-RK-DEA |
| v. | : |  |
|  | : |  |
| ROBERT SELFORS, a/k/a "BOB HANSEN," | : |  |
| individually and in his capacity as President of | : | **CERTIFICATION OF** |
| Happy Panda, Inc. and Simple Websites, Inc., | : | **GAVIN ROZZI** |
| CANA WITTENBERG SELFORS, individually | : |  |
| and in her capacity as President of Simple | : |  |
| Websites, Inc. and Vice President of Happy | : |  |
| Panda, Inc., HAPPY PANDA, INC., a North | : |  |
| Carolina Corporation, SIMPLE WEBSITES, | : |  |
| INC., a North Carolina Corporation, BRIER | : |  |
| CREEK FELLOWSHIP, INC. a North Carolina | : |  |
| Nonprofit Corporation, JOHN DOES 1-100, | : |  |
| ABC ENTITIES 1-100 | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

---

Gavin Rozzi, after first being duly sworn according to law, upon his oath deposes and says:

1. I am the *pro se* Plaintiff in this matter.

2. I hold a Master of Science in Data Science & Strategic Analytics from Stockton University which I earned in 2020, reflecting my professional training in using state-of-the-art analytical tools and techniques, including artificial intelligence and deep learning.

3. I am making this certification in support of the Complaint filed in this matter and am personally familiar with all facts concerning this matter.

1

4. In this certification, I will present the results of an analysis I undertook using one of the identical voicemails left on my personal cell phone by "Bob Hansen" to ascertain the true identity of the individual who has been making automatic calls in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 et seq.

5. The analysis presented in this certification was performed using a state-of-the-art speaker recognition model based on deep learning techniques, specifically the Resemblyzer package for the Python programming language.[1]

6. The objective of the analysis was to compare two voice samples: one from a voicemail received on my phone, attributed to "Bob Hansen," and another from a video titled "Welcome to Brier Creek Fellowship," a known sample of audio and video in which Robert Selfors, identifies himself which can be found at https://www.youtube.com/watch?v=Ow9FhMEpRzg. The first 40 seconds of Robert Selfors' video were extracted to match the duration of the voicemail sample of "Bob Hansen."

7. In support of this analysis, I used the recorded voicemail sample from the message I received on September 9th, 2022 from the spoofed caller ID of (848)-289-2624 which appeared to be from a local telephone number based out of New Jersey. The message contained the following recording:

> "Hi, my name is Bob Hansen. I'm a website builder here in Middletown, and I make websites for small businesses anywhere in Central Jersey on very small budgets. What I'd love to do with you let me is to show you a couple of website ideas I have for your business. I build simple, affordable websites that rank extremely well on Google. And my modern mobile friendly site design will give your business a great online presence. So please call me Bob Hansen at (732)-646-8946 Again, (732)-646-8946 Thanks so much. Mmm Bye bye."

---

[1] See https://github.com/resemble-ai/Resemblyzer

2

8. Publicly available information and aural comparison already strongly suggests that Robert Selfors and "Bob Hansen" are the same person. The purpose of this analysis is to provide a testable, quantifiable comparison using a state-of-the-art tool that incorporate deep learning technology to further corroborate this assertion.

9. The Resemblyzer package is designed to compare voice samples by generating embeddings, which are compact numerical representations that capture the characteristics of a speaker's voice. These embeddings are created using a deep learning model trained on a large dataset of voices, allowing the model to learn a mathematical representation of the voice that can be used for comparison.[2]

10. Both audio files were preprocessed using the following steps: resampling to a consistent sampling rate, normalizing the volume, and trimming the longer audio file to match the duration of the shorter one.

11. The Resemblyzer model was then used to generate embeddings for each of the two audio files using the Python programming language.

12. The similarity between the embeddings was calculated using the cosine similarity metric, which ranges from -1 (completely dissimilar) to 1 (identical). In this case, the similarity score was found to be 0.72.

13. The similarity score was converted to a percentage by normalizing it to the 0 to 100 range, resulting in a similarity of 86.00%.

14. A similarity threshold of 0.60, reflecting an 80% voice similarity was chosen to determine if the speakers in the two audio files are the same or different. This threshold

---

[2] See Li Wan, Quan Wang, Alan Papir, and Ignacio Lopez Moreno, "Generalized End-to-End Loss for Speaker Verification," 2020, arXiv:1710.10467, eess.AS. Retrieved from: https://arxiv.org/pdf/1710.10467.pdf

value was selected based on the trade-off between false positives and false negatives that was deemed appropriate for the specific use case.

15. Given the similarity score of 0.72 (86.00% similarity), which is greater than the threshold of 0.70, it can be concluded, based upon a preponderance of the evidence and in combination with the publicly available information, that "Bob Hansen" is indeed Robert Selfors.

16. A visual representation of the results of this analysis is provided as a chart below:



17. In summary, the Resemblyzer similarity analysis has provided a testable, quantifiable comparison using a state-of-the-art tool, further supporting the assertion that Robert Selfors and "Bob Hansen" are actually the same person. Considering the 86.00% similarity between the two voice samples and the publicly available information, there can be no doubt that they are the same individual.

18. Thus, based upon a preponderance of the evidence, in truth and in fact, "Bob Hansen" is actually Robert Selfors. Thus, there exists incontrovertible evidence that Robert Selfors personally participated in the conduct, including the fraudulent misrepresentations, forming the basis of this lawsuit because he developed the content of the offending telephone calls.

19. The voice similarity analysis conclusively shows that Robert Selfors personally participated in recording the offending voicemails made in knowing disregard of the TCPA and other applicable laws. Given both of the Selfors' previous involvement in fraud schemes throughout the State of North Carolina, his actions to target New Jersey residents and falsely hold himself out as a local New Jersey website builder are particularly egregious and appalling.

20. A true and correct copy of the Python code used to analyze Selfors' voice and the offending robocalls is attached to this certification as "Exhibit A." The underlying sound files can be provided to the Court upon request.

21. The facts set forth herein are true and correct to the best of my knowledge, information, and belief.

22. I am aware that I may be subject to punishment if any statement made herein is knowingly false or misleading.



GAVIN ROZZI
Plaintiff, *Pro Se*


Dated: _____July 6th, 2023_____

# Exhibit A
to
the Certification of Gavin Rozzi

### PYTHON CODE FOR VOICE SIMILARITY ANALYSIS - ROZZI V. SELFORS
### RAN UNDER PYTHON 3.10

```python
import numpy as np
import os
import matplotlib.pyplot as plt
from resemblyzer import VoiceEncoder, preprocess_wav
from pathlib import Path


def compare_speakers(file1, file2):
    # Load the voice encoder
    encoder = VoiceEncoder()

    # Load and preprocess the WAV files
    wav1 = preprocess_wav(Path(file1))
    wav2 = preprocess_wav(Path(file2))

    # Trim the second audio file to match the duration of the
first one
    min_duration = min(len(wav1), len(wav2))
    wav1 = wav1[:min_duration]
    wav2 = wav2[:min_duration]

    # Encode the WAV files
    embed1 = encoder.embed_utterance(wav1)
    embed2 = encoder.embed_utterance(wav2)

    # Encode the WAV files
    embed1 = encoder.embed_utterance(wav1)
    embed2 = encoder.embed_utterance(wav2)

    # Compute the similarity between the two embeddings
    similarity = np.inner(embed1, embed2)

    # Plot the embeddings
    plt.scatter(embed1, embed2, c="blue", label="Speakers")
    plt.xlabel("Embedding 1")
    plt.ylabel("Embedding 2")
    plt.title(f"Speaker similarity: {similarity:.2f}")
    plt.legend()
    plt.show()

    # Determine if the speakers are the same
    threshold = 0.60
    if similarity > threshold:
        print(f"The speakers are likely the same (similarity:
{similarity:.2f})")
```

```
    else:
        print(f"The speakers are likely different (similarity:
{similarity:.2f})")


file1 = "Bob Hansen Voicemail 2.wav"
file2 = "Welcome to Brier Creek Fellowship.wav"
compare_speakers(file1, file2)
```