**GAVIN ROZZI**
PO Box 1232
Forked River, NJ 08731
(609)-222-4161
gr@gavinrozzi.com

Plaintiff, *Pro Se*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GAVIN ROZZI<br><br>Plaintiff,<br><br>v.<br><br>ROBERT SELFORS, a/k/a "BOB HANSEN," individually and in his capacity as President of Happy Panda, Inc., CANA WITTENBERG SELFORS, individually and in her capacity as President of Simple Websites, Inc. and Vice President of Happy Panda, Inc., HAPPY PANDA, INC., a North Carolina Corporation, SIMPLE WEBSITES, INC., a North Carolina Corporation, BRIER CREEK FELLOWSHIP, INC. a North Carolina Nonprofit Corporation, JOHN DOES 1-100, ABC ENTITIES 1-100<br><br>Defendants. | Civil Action<br><br>No.: 3:23-cv-03363-RK-DEA |

### PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE AS TO DEFENDANTS ROBERT SELFORS, CANA WITTENBERG SELFORS AND BRIER CREEK FELLOWSHIP, INC.

Gavin Rozzi, Plaintiff, *Pro Se* herein submits this Motion in support of his motion for substituted service under Fed R. Civ. P. 4(e)(1) and 4(h)(1)(A).

1

I.     **FACTUAL BACKGROUND**

A detailed account of my extensive efforts to serve Defendants Robert Selfors, Cana Wittenberg Selfors, and Brier Creek Fellowship, Inc., as described in the Affidavit of Diligent Inquiry, are as follows:

1. Before the commencement of this action, diligent inquiries were undertaken, such as searching the records of the New Jersey Department of the Treasury, Division of Revenue and Enterprise Services (DORES) to ascertain the registered agents for service of process for the Defendants within New Jersey. The searches yielded no results (Affidavit of Diligent Inquiry ¶¶ 3-4).

2. An extensive investigation involving the generation of Westlaw Company Investigator reports for each of the Defendants' legal entities was carried out. The addresses obtained were verified with the North Carolina Secretary of State and matched their corporate recrods (Affidavit of Diligent Inquiry ¶ 5).

3. Initial attempts to serve the Defendants were made in accordance with state law, through USPS Priority Mail with Certified Mail, Return Receipt Requested on July 6th, 2023. This method of service is recognized and accepted by both New Jersey and North Carolina (Affidavit of Diligent Inquiry ¶¶ 7-8).

4. The mailings included a copy of the Complaint, Summons, and 63 Requests for Admissions and cover letter to each of the Defendants at their last known addresses (Affidavit of Diligent Inquiry ¶ 9).

5. Despite these attempts, the mail sent to Robert Selfors, Cana Wittenberg Selfors, and Brier Creek Fellowship, Inc. was returned unclaimed, with USPS noting that the

forwarding order for this address is no longer valid (Affidavit of Diligent Inquiry ¶¶ 11-15).

6. This contradicted information obtained from a forwarding address request submitted to the Durham, North Carolina post office, which indicated that Defendants had moved and left no forwarding address (Affidavit of Diligent Inquiry ¶¶ 17-18).

7. To locate the Defendants, a licensed private investigator, Mr. John E. Gusdonevich, Jr., was engaged. His investigation led to the identification of a new residential address for the Defendants (Affidavit of Diligent Inquiry ¶¶ 19-21).

8. Attempts were made to serve both Robert and Cana Wittenberg Selfors at the new address, 1809 Capstone Dr., Durham, NC 27713, via Certified Mail, Return Receipt Requested on July 8th, 2023 (Affidavit of Diligent Inquiry ¶¶ 22-24).

9. The mailings were either forwarded to a different address or remained unclaimed, indicating that Defendants may be actively avoiding receiving service at this location (Affidavit of Diligent Inquiry ¶¶ 26-27).

10. In a further bid to ensure service, a national process service firm, Proof Technologies, Inc., was retained. Despite three attempts by process server Eric Dockery, personal service could not be achieved (Affidavit of Diligent Inquiry ¶¶ 28-33).

## II. ARGUMENT

These concerted and comprehensive efforts demonstrate an exhaustive attempt to serve the Defendants personally in accordance with Fed. R. Civ. P. 4(e)(1) and 4(h)(1)(A), and consistent with the laws of both New Jersey and North Carolina. However, the evidence strongly indicates that the Defendants are actively avoiding service. The contradictory information from USPS and

the local post office, the unclaimed mailings, and the repeated unsuccessful personal service attempts underscore this conclusion (Affidavit of Diligent Inquiry ¶¶ 15-18, 26-27, 28-33).

It is also notable that Defendants have not updated their Registered Agent information with the North Carolina Secretary of State to reflect their current location. Plaintiff believes this was part of an effort to frustrate service of process based on Defendants' litigation history in the State of North Carolina.

As such, the prerequisites for substituted service under Fed. R. Civ. P. 4(e)(1) and 4(h)(1)(A), and the Rules Governing the Courts of the State of New Jersey and North Carolina, have been met. Substituted service is a necessary recourse under the circumstances, given that it will provide the Defendants with actual notice of the proceedings and fulfill due process requirements. Plaintiff has also made efforts to notify Defendant's insurance carrier, so substituted service on them may also be appropriate under the circumstances, as an insurance carrier is required to defend a "cause of action which may potentially come within the coverage of [Defendants'] policy," the insurance carrier would need to notify a policyholder of a complaint. Nabi, 2019 WL 5800254, at *3 (quoting Hartford Ins. Grp. v. Marson Constr. Corp., 186 N.J. Super. 253, 257 (App. Div.1982)).

Based on the efforts outlined in the Affidavit of Diligent Inquiry, it is proposed that substituted service be effected through the following means. First, Defendants Robert Selfors and Cana Wittenberg Selfors should be served via their known email addresses, rwselfors@liberty.edu and BrierCreekFellowship@gmail.com, respectively (Affidavit of Diligent Inquiry ¶ 36). Second, service could also be effected via social media, specifically, through the Facebook account known to belong to Robert Selfors (Affidavit of Diligent Inquiry ¶ 36). Finally, in the event electronic methods of service are unsuccessful, Plaintiff proposes to

4

serve Antonio Vela, the Defendants' insurance agent, who wrote policies for Defendants on or about 2017. Vela's agency, Antonio Vela Insurance Agency Inc., is affiliated with State Farm Insurance, and thus could likely reach the Defendants (Affidavit of Diligent Inquiry ¶ 38). Each of these methods is reasonably calculated to provide Defendants with actual notice of these proceedings, thereby fulfilling the requirements of due process and provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." <u>Mullane v. Cent. Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950).

In addition to the above, it is proposed that substituted service be effected via known telephone numbers of the Defendants. It is understood that Robert Selfors uses the number 919-428-6577 and Cana Wittenberg Selfors can be reached at (919) 270-9155 (Affidavit of Diligent Inquiry ¶ 38). Contacting the Defendants via these numbers, to inform them of the proceedings, would further ensure they receive actual notice of these proceedings. This multifaceted approach, leveraging email, social media, contact through their insurance agent, and telephone communication, covers a wide array of communication avenues and increases the likelihood of the Defendants receiving notice, thereby fulfilling the requirements of due process.

In the alternative, Plaintiff also respectfully submits that the successful service attempt on Cana Wittenberg Selfors' registered office address should be deemed effective as to her.

### III.  **CONCLUSION**

Based on the exhaustive efforts outlined in the Affidavit of Diligent Inquiry and in this motion, it is clear that the Defendants are actively evading and / or avoiding service. The Plaintiff respectfully requests the Court's approval to effect substituted service on Defendants

Cana Wittenberg Selfors, Robert Selfors and Brier Creek Fellowship Inc. via their known-working electronic mail and cellular phones / social media profile, which is consistent with the Federal Rules, and the Rules Governing the Courts of the State of New Jersey and North Carolina and fulfills the requirements of due process.

### CERTIFICATE OF SERVICE

I hereby certify that I mailed a copy of this Memorandum, Notice of Motion, and Affidavit of Diligent Inquiry and Proposed Order via Priority Mail, tracking number 9405536105440078715741 to Defendants' last known address, 1809 Capstone Dr. Durham, NC on July 14th, 2023. I also sent a copy via email to Defendants' known working email addresses, rwselfors@liberty.edu, briercreekfellowship@gmail.com.

Dated this 14th Day of July, 2023.

Respectfully submitted,

*[signature]*

GAVIN ROZZI
Plaintiff, *Pro Se*